**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| SHEILA RAU, an individual, | Case No.  1:12-cv-194 |
| Plaintiff, | **PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c)** |
| vs. | |
| UNITED PARCEL SERVICE, INC., a Delaware corporation; and UNITED PARCEL SERVICE, INC., an Ohio corporation, | |
| Defendants. | |

Good cause appearing, and pursuant to Fed. R. Civ. P. 26(c) and the stipulation of the parties, this Court hereby enters the following Protective Order to protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled.

THEREFORE, the Court hereby enters a Protective Order with the following terms:

1. Any information and/or document produced or exchanged in the course of this case that is designated and marked "CONFIDENTIAL" pursuant to paragraph 2 herein, shall be subject to the terms of this Protective Order.

2. The above captioned Defendants and Plaintiff may obtain confidential treatment, pursuant to the terms of this Order, for certain personal or proprietary information and other sensitive documents by marking "CONFIDENTIAL" on each page of the document(s) for which the confidential treatment is sought consistent with the terms of this Protective Order.  In lieu of

marking the original of the document(s), the party may mark the copies that are produced or exchanged.

3. Information produced or exchanged in the course of this case shall be used solely for the purposes of the prosecution or defense of this case and for no other purpose. Information or materials designated as "CONFIDENTIAL" shall not be made available to anyone other than "QUALIFIED PERSONS" as defined in paragraph 5. Information that a party may designate as "CONFIDENTIAL" shall be referred to as "Confidential Material."

4. The documents or information designated as "CONFIDENTIAL" may be disclosed to witnesses during oral depositions of such persons if such persons are "Qualified Persons" as defined in paragraph 5 and if they comply with the terms of paragraph 6 hereof; provided, however, that to the extent that the transcript of any deposition and the exhibits thereto incorporate confidential documents, whatever portions of the transcript and those exhibits shall be confidential, subject to further order of the Court.

5. Unless and until a party obtains a court order permitting other disclosure, all information and documents designated "CONFIDENTIAL" and the contents of those documents covered by this Protective Order shall be disclosed only to "Qualified Persons." "Qualified Persons" shall include only:

5.1. The above captioned Defendants and Plaintiff and any experts or witnesses testifying on their behalf;

5.2. Court reporters transcribing testimony in the lawsuit;

5.3. Any outside consultant or expert retained by the above captioned Defendants or Plaintiff for the purposes of this case, case number 1:12-cv-194;

5.4. Legal counsel of record for the above captioned Defendants and Plaintiff, their respective office associates, legal assistants, secretaries and clerical employees;

    5.5. Such other persons as the parties may agree to in writing;

    5.6. The Court and Court personnel; and

    5.7. The author of the document, any recipient of that document if said person came into possession of the document, information, or material during the normal course of his/her business and/or professional activities and said person was legally and properly to receive said document, information or materials, and any person whose name appears on a document.

  6. No Qualified Person shall have access to information or materials covered by this Protective Order without having first read, acknowledged, and agreed in writing to be bound by the this Protective Order by signing a written agreement in the form attached as Exhibit A; provided, however, that counsel for the parties, their respective office associates, legal assistants, secretaries and clerical employees need not individually sign an acknowledgment if a member of the firm with which they are affiliated has signed on behalf of the firm.  Similarly, the court reporters transcribing the testimony for the above-entitled action and the Court and Court personnel need not sign an acknowledgment.  A copy of each written agreement signed in the form attached as Exhibit A showing the name, address, and identity of each person signing the agreement shall be maintained by counsel for the party obtaining them, and shall be made available for any other party upon execution by that person.

  7. In the event of inadvertent disclosure of information or materials designated "CONFIDENTIAL" to a person not authorized for access to such material under the terms of this Order, the party responsible for having made and any party with knowledge of such disclosure shall immediately inform counsel for the party whose "CONFIDENTIAL" information has thus been disclosed of all known relevant information concerning the nature and the circumstances of the disclosure.  The responsible party shall also take all reasonable measures promptly to ensure

that no further or greater unauthorized disclosure of the information or material is made by anyone and each party will cooperate in that effort.

8.  In the event a party purposely discloses information or materials designated as "CONFIDENTIAL" the other party may move the Court for an order against the producing party for violating the terms and provisions of this Protective Order.

9.  If a party produces any material in discovery containing proprietary information without having previously marked the material "CONFIDENTIAL" such disclosure shall not be deemed to be a waiver.  The party may subsequently designate the material as "CONFIDENTIAL" by written notice whereupon the opposing party will, from that date forward, treat the material as so designated.

10. No party shall file with the Court any motion, memorandum, or other paper containing or otherwise exhibiting, excerpting, and/or disclosing any information designated as "CONFIDENTIAL" hereunder, unless said confidential portions of motion, memorandum, or other paper are filed in sealed envelopes or other appropriate sealed containers.

11. To the extent "CONFIDENTIAL" information is revealed or discussed during any deposition taken in this matter, counsel taking said deposition shall designate the transcript and/or recordation thereof as "CONFIDENTIAL."

12. If a document includes "CONFIDENTIAL" information in addition to other information that is not Confidential Material and the "CONFIDENTIAL" or information is redacted, the documents should be marked with the words "CONFIDENTIAL INFORMATION REDACTED" and the remainder of the document may be treated as if no "CONFIDENTIAL" material or information existed in the document.

13. Counsel for any party may exclude from the room during a deposition, any person (other than the witness who is then testifying) who is not entitled under this Protective Order to

receive Confidential Information. Confidential Information shall not be disclosed to the witness then testifying except in strict conformity with the provisions of this Protective Order, including the requirement that the testifying witness agree to be bound by the terms of this Protective Order by executing the Agreement set forth in Exhibit A hereof.

14. This Protective Order does not waive any grounds for withholding documents or information from disclosure or production. Nothing in this Protective shall obligate any party to produce any document or information or waive any objection to production or disclosure.

15. Notwithstanding the foregoing, either party may challenge the designation of documents or information as "CONFIDENTIAL." A party that elects to initiate a challenge to a designation must do so in good faith and must begin the process by conferring with counsel for the designating party. In so conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the designation. The challenging party may petition the Court only if it has conferred with the other party as described in this paragraph.

16. A party that elects to proceed with a court challenge to a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Such motion must be accompanied by an affidavit that affirms that the movant has conferred with the other party as described in the preceding paragraph and that sets forth the explanation for the designation given by the designating party. Until the Court rules on the challenge, all parties shall continue to afford the documents or information in question the level of protection to which it is entitled under the designation. Within 30 days of the termination of the above-entitled action, including any appeals, each party shall destroy or return to the opposing party all documents designated by the opposing party as

"CONFIDENTIAL."  Documents determined not to be confidential by the Court or as agreed to by the parties will not need to be destroyed or returned.

17. This Protective Order is without prejudice to the right of either party to object to the admissibility or use of any information or documents referred to it in any manner in this case in the future.

18. The Court retains jurisdiction to enforce the provisions of the Protective and to make such arrangements, modifications and additions to the Protective Order as the Court may from time to time deem appropriate including, without limitation, the disclosure of Confidential Materials in hearings and trials of this matter.

IT IS SO ORDERED.

DATED: July 13, 2012

_____
B. Lynn Winmill
Chief Judge
United States District Court

# EXHIBIT A
# TO
# PROTECTIVE ORDER

Re: Case No. 1:12-cv-194

To whom it may concern:

My name is _____. My address is _____

_____.

I have read and understood the terms of the "Protective Order Pursuant to Fed R. Civ. P. 26(c)" as entered in Case No. 1:12-cv-194.

I agree to be bound by the terms of the "Protective Order Pursuant to Fed R. Civ. P. 26(c)" as entered in Case No. 1:12-cv-194.

I am properly a "Qualified Person" as designed in Paragraph 5 the Protective Order Pursuant to Fed. R. Civ. P. 26(c) as entered in Case No. 1:12-cv-194.

Pursuant to Paragraph 5 of the Protective Order I am properly a Qualified Person because of my role as _____.


Signature _____