UNITED STATES DISTRICT COURT


FOR THE DISTRICT OF IDAHO


| | |
|---|---|
| SHEILA RAU, an individual,<br><br>                    Plaintiff,<br>     v.<br><br>UNITED PARCEL SERVICE, INC., a Delaware corporation; and UNITED PARCEL SERVICE, INC., an Ohio corporation,<br><br>                    Defendants. | Case No. 1:12-cv-00194-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

In a prior order, the Court granted UPS's motion for summary judgment on Sheila Rau's claims for gender discrimination in violation of Title VII and the Idaho Human Rights Act; wrongful termination; breach of the implied covenant of good faith and fair dealing; intentional infliction of emotional distress; and negligent infliction of emotional distress. *July 31, 2013 Memo. Dec. & Order*, Dkt. 41. UPS now seeks to recover the attorney fees it expended during its successful defense. For the following reasons, the Court will deny the award.

# ANALYSIS

## 1.      Statutory Claims

UPS seeks attorney fees under 42 U.S.C. § 2000e-5(k) and I.C. § 12-121.  Both statutes vest in district courts the discretion to award to a prevailing defendant in a gender discrimination claim a reasonable attorney fee upon finding that the plaintiff's action was "frivolous, unreasonable, or without foundation."  *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978); *Hoagland v. Ada Cnty.*, 303 P.3d 587, 603 (Idaho 2013).  Awarding attorney fees to prevailing defendants under only these "exceptional circumstances" ensures that vigorous enforcement of Title VII is not stymied.  *Harris v. Maricopa Cnty. Superior Court*, 631 F.3d 963, 971 (9th Cir. 2011).  The parties dispute whether Rau's Title VII claim was "frivolous," i.e., whether it lacked a foundation, had no hope of success, or was brought in bad faith.  *See United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1183 (9th Cir. 2003); *Hoagland*, 303 P.3d at 603.

UPS argues that because Rau failed to establish a prima facie case on two essential elements (adverse employment action and disparate treatment), her claims lacked a factual foundation.  While Rau's failure to prove a prima facie case is an important consideration, it does not necessarily mean that her case is frivolous.  *See Quintana v. Jenne*, 414 F.3d 1306, 1309 (11th Cir. 2005).  The amount of proof necessary to establish a prima facie case, though minimal, depends upon the circumstances of the individual case before the court.  *See Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 575-76 (1978)

("The facts necessarily will vary in Title VII cases, and the specification . . . of the prima facie proof required from respondent is not necessarily applicable in every respect to differing factual situations." (quoting *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802 n.2 (1973)).  When the question of whether the plaintiff met her burden is "a close one," a plaintiff should not be dissuaded from testing her claim.  *See Garner v. Cuyahoga Cnty. Juvenile Court*, 554 F.3d 624, 637 (6th Cir. 2009) ("In the context of a disparate-treatment claim, the question of whether a plaintiff has provided sufficient evidence to establish a prima facie case of discrimination might be a close one.  A claim likely would not be frivolous under such circumstances.").  This is just such a case.

Rau's evidence of discrimination – the sequence of events leading up to UPS's seeming about-face over Rau's reinstatement – is not wholly lacking in merit.  Ultimately, the Court stands by its conclusion that this sequence is not prima facie evidence of discrimination on UPS's part, but that is a conclusion on which reasonable minds could disagree.

Nor does the Idaho Human Right Commission's ("Commission") opinion offer the support for UPS's argument that UPS suggests.[1]  The Commission did conclude that there was "no probable cause to believe that [UPS] . . . engaged in unlawful discrimination."  Dkt. 53, Ex. C, at 9 (emphasis in orginial).  However, the Commission reached that conclusion only after discussing the *McDonnell Douglas* burden-shifting

---

[1] Initially, Rau indicated that she would object to consideration of the IHRA opinion and would file a motion detailing her objections.  As of the date of this disposition, Rau has not filed that motion.  Therefore, the Court concludes that Rau has waived her objections.

framework and considering UPS's explanation for offering Rua a separation agreement. *Id.* This suggests the Commission believed that Rau had made a prima facie showing of discrimination. Moreover, it is likely that the Commission would disagree with the Court's conclusion that Rau did not suffer an adverse employment action. *See id.* at 6 ("[Rau's] understanding that she was being terminated on January 28, 2011 is supported by the language in the Separation Agreement . . . ."). Ultimately, the Court does not believe that Rau's Title VII and Idaho Human Rights Act claims were frivolous.

**2.     Contract Claims**

UPS also seeks an award of attorney fees under I.C. § 12-120(3), because it defeated Rau's wrongful termination and implied covenant of good faith and fair dealing ("implied covenant") claims. Idaho Code § 12-120(3) *mandates* an award of attorney fees to the prevailing party on a claim based on contracts for the sale of goods and services. *See Troupis v. Summer*, 218 P.3d 1138, 1142 (Idaho 2009). The Idaho Supreme Court has held that the at-will employment relationship is a contract for the sale of services. *Atwood v. W. Constr., Inc.*, 923 P.2d 479, 486 (Idaho 1996). Because Rau's claims for wrongful termination and the implied covenant sound in contract, *see id.* (implied covenant); *Stout v. Key Training Corp.*, 158 P.3d 971, 974 (Idaho 2007) (wrongful termination), UPS argues that it is entitled to attorney fees under the statute.

Rau counters by arguing that awarding UPS fees under I.C. § 12-120(3) would run afoul of 42 U.S.C. 2000e-5(k) in that § 12-120(3) requires an award even when a civil

rights plaintiff brings nonfrivolous but unmeritorious claims.  Thus, Rau concludes, § 12-120(3) cannot be applied to her contract claims.

Generally, the *Erie* doctrine requires federal courts exercising supplemental jurisdiction over state law claims to apply "state law denying the right to attorney[] fees or giving a right thereto."  *See MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 259 n.31 (1975) (internal quotation mark omitted)).  However, the general rule applies only "so long as state law does not run counter to a valid federal statute or rule of court."  *Id.* (internal quotation mark omitted).

In *Hubbard v. Sobreck, LLC*, 554 F.3d 742 (9th Cir. 2008), the Ninth Circuit considered a situation similar to the conflict presented in this case.  There, the plaintiffs sued the defendants under the ADA and California Disabled Persons Act ("CDPA") alleging that they were denied equal access to the defendants' restaurant.  *Id.* at 744.  After obtaining a judgment in their favor, the defendants moved for attorney fees under the ADA and § 55 of the CPDA.  *Id.*  Under the ADA, a prevailing defendant is eligible for fees only when a plaintiff pursued a frivolous claim.  *Id.*  Like I.C. § 12-120(3), § 55 of the CDPA mandated an award of attorney fees to the prevailing party.  *Id.* at 745.

The Ninth Circuit held that the ADA preempted § 55 of the CDPA "to the extent that [§] 55 . . . authorize[d] the award of fees to a prevailing defendant on nonfrivolous CDPA state claims that parallel nonfrivolous ADA claims."  *Id.* at 747.  The court explained:

> In such a case, the proof required to show a violation of the CDPA and of the ADA is identical.  In that circumstance, it is impossible to distinguish the fees necessary to defend against the CDPA claim from those expended in defense against the ADA claim, so that a grant of fees on the California cause of action is necessarily a grant of fees as to the ADA claim.  As federal law does not allow the grant of fees to defendants for non-frivolous ADA actions, we must conclude that preemption principles preclude the imposition of fees on a plaintiff for bringing nonfrivolous claims under state law that parallel claims also filed pursuant to the federal law.

*Id.* at 745; *cf. Harris*, 631 F.3d at 972 ("It would make little sense to allow a prevailing defendant to recover all or a portion of such fees simply because a plaintiff included a contracts-based claim in his complaint in addition to his non-frivolous civil rights claims.").

The same principles discussed in *Hubbard* apply to this case as well.  As UPS maintains, it would have defended against Rau's contract claims in exactly the same manner as it did even if she had not included her Title VII and IHRA claims.  Because I.C. § 12-120(3) would mandate an award of fees to UPS where the civil rights laws prohibit it, the Idaho statute must give way to the federal standard.[2]

### 3.      Intentional and Negligent Infliction of Emotional Distress

UPS seeks to recover the fees expended in defending against Rau's intentional infliction of emotional distress claim ("IIED") and negligent infliction of emotional distress claim ("NIED") under I.C. § 12-121.  With respect to Rau's IIED claim, the Court concludes that it was not so devoid of merit to warrant labeling it frivolous for the same reasons Rau's statutory claims were not frivolous.  With respect to Rau's NIED

---

[2] The same result would not occur, however, when a plaintiff's contractual claims are grounded upon a separate set of facts as the civil rights claims.  *See*, *e.g.*, *Atwood*, 923 P.2d at 485-86.

claim, it remains an open question whether the Idaho Supreme Court recognizes the tort in the employment context.  In such a situation, the Idaho Supreme Court has cautioned against awarding attorney fees.  *See Hoagland*, 303 P.3d at 603.  Therefore, the Court will not award UPS attorney fees for Rau's IIED and NIED claims.

## CONCLUSION

While Rau failed to introduce evidence to support her allegations, her claims were not groundless or unreasonable.  The decision to deny UPS its request is a close call, but the Court concludes that this case does not fall into the category of exceptional cases which warrants departure from the American rule.

## ORDER

**IT IS ORDERED THAT:**

1.    Defendants' Motion for Attorney Fees (Dkt. 43) is **DENIED.**

DATED: December 6, 2013

_____

B. Lynn Winmill
Chief Judge
United States District Court